IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | CR 23-28-GF-BMM-JTJ |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATIONS |
| v. | |
| JESSE RAY BLACKMAN, | |
| Defendant. | |

## I. Synopsis

Defendant Jesse Ray Blackman (Blackman) has been accused of violating the conditions of his supervised release. (Doc. 43). Blackman admitted to one of the alleged violations. Blackman's supervised release should be revoked. Blackman should be sentenced to Time Served on Count 6 and Count 7, with 20 months of supervised release to follow on both counts and with the supervised release terms to run concurrently.

## II. Status

Blackman pled guilty on September 18, 2023, to two counts of the offense of Obstructing Justice by Retaliating Against a Witness, each in violation of 18 U.S.C. § 1513(b)(2) as charged in Counts 6 and 7 of the Superseding Indictment. (Doc. 33).

Blackman was sentenced to 24 months of custody on each count, followed by two years of supervised release on each count, with both the custodial terms and the supervised release terms to run concurrently. (Doc. 30). Blackman's current term of supervised release began on January 17, 2025.

### Petition

On September 4, 2025, the United States Probation Office filed a Petition requesting that the Court revoke Blackman's supervised release. (Doc.43). The Petition alleged Blackman violated conditions of his supervised release by: (1) consuming alcohol on August 29, 2025; (2) associating with a known felon on August 29, 2025 without the consent of his probation officer; and (3) committing another federal, state or local crime by being charged on August 29, 2025 by the Chippewa Cree Police Department with the offenses of Negligent Homicide, Driving Under the Influence of Alcohol, Reckless Driving and two counts of Negligently Endangering another Person.

### Initial Appearance

Blackman appeared before the Court on November 6, 2025. Blackman was represented by counsel. Blackman stated that he had read the Petition and that he understood the allegations against him. Blackman waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

### Revocation hearing

Blackman appeared before the Court on November 6, 2025. The Defendant requested a continuance. The Court granted the request and re-set the revocation hearing for November 18, 2025 at 1:30 p.m., which was subsequently reset for December 22, 2025.

### Final Revocation hearing

Blackman appeared before the Court on December 22, 2025. Blackman admitted that he had violated the conditions of supervised release as set forth in allegation 2 of the Petition. The Government moved to dismiss allegations 1 and 3, which the Court granted. Blackman's admitted violation is serious and warrants revocation of his supervised release.

### Sentencing hearing

Blackman appeared before the Court on December 22, 2025. Blackman's violations are Grade C. His criminal history category is I. Blackman's underlying offenses, Counts 6 and 7, are each a Class C felony. Blackman could be incarcerated for up to 24 months on each count. Blackman could be ordered to remain on supervised release for 36 months, less any custody time imposed on each count. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III. Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Blackman's supervised release should be revoked. Blackman should be sentenced to Time Served on Count 6 and Count 7, with 20 months of supervised release to follow on both counts and with the supervised release terms to run concurrently. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Blackman that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Blackman of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Blackman that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Blackman waived his right to appeal and allocute before Judge Morris.

The Court **FINDS**:

That JESSE RAY BLACKMAN. has violated the conditions of his supervised release by (2) associating with a known felon on August 29, 2025 without the consent of his probation officer.

The Court **RECOMMENDS:**

That the District Court revoke Blackman's supervised release and sentence Blackman to Time Served on Count 6 and Count 7, with 20

months of supervised release to follow on both counts and with the supervised release terms to run concurrently.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 29th day of December 2025.

John Johnston
United States Magistrate Judge