IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESSE RAY BLACKMAN,<br><br>Defendant. | CR 23-28-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS |

## I. Synopsis

Defendant Jesse Ray Blackman (Blackman) has been accused of violating the conditions of his supervised release. (Doc. 63). Blackman admitted the alleged violations. Blackman's supervised release should be revoked. Blackman should be sentenced to 3 months custody on Count 6 and 3 months custody on Count 7, with the terms to run concurrently, and with no term of supervised release to follow on either count. This sentence shall also run concurrently to any custody served in relation to the revocation of his pre-trial release in Cause No. CR-26-44-BMM.

## II. Status

Blackman pled guilty on September 18, 2023, to two counts of Obstructing Justice by Retaliating Against a Witness, each in violation of 18 U.S.C. § 1513(b)(2)

as charged in Counts 6 and 7 of the Superseding Indictment. (Doc. 33). Blackman was sentenced to 24 months of custody on each count, followed by two years of supervised release on each count, with both the custodial terms and the supervised release terms to run concurrently. (Doc. 30). Blackman's current term of supervised release began on December 22, 2025.

**Petition**

On October 14, 2026, the United States Probation Office filed a Petition requesting that the Court revoke Blackman's supervised release. (Doc. 63). The Petition alleged Blackman violated conditions of his supervised release by: (1) failing to comply with substance abuse testing requirements on August 4, 2026, and on October 13, 2026; (2) failing to advise his probation officer of a change in his employment within 10 days of his termination from employment on October 10, 2026; (3) using methamphetamine on October 13, 2026; and (4) failing to answer truthfully questions by his probation officer on October 14, 2026, regarding his use of methamphetamine.

**Initial Appearance**

Blackman appeared before the Court on November 16, 2026. Blackman was represented by counsel. Blackman stated that he had read the Petition and that he understood the allegations against him. Blackman waived his right to a preliminary

hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Blackman appeared before the Court on November 16, 2026. Blackman admitted that he had violated the conditions of supervised release as set forth in the Petition. Blackman's admitted violations, 1-4, are serious and warrant revocation of his supervised release.

**Sentencing hearing**

Blackman appeared before the Court on November 16, 2026. Blackman's violations are Grade C. His criminal history category is I. Blackman's underlying offenses, Counts 6 and 7, are Class C felonies. Blackman could be incarcerated for up to 24 months on each count. Blackman could be ordered to remain on supervised release for 20 months, less any custody time imposed on each count. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

## III. Analysis

Pursuant to 18 U.S.C § 3583(e)(3), and upon agreement of the parties, Blackman's supervised release should be revoked. Blackman should be sentenced to custody for 3 months on Count 6, and to 3 months of custody on Count 7, with the terms to run concurrently, and with no term of supervised release to follow on either count. This sentence shall also run concurrently to any custody served as a result of

the revocation of his pre-trial release in Cause No. CR 26-44-GF-BMM. This sentence is sufficient but not greater than necessary.

## IV. Conclusion

The Court informed Blackman that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Blackman of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Blackman that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Blackman waived his right to appeal and allocute before Judge Morris.

The Court **FINDS**:

That JESSE RAY BLACKMAN has violated the conditions of his supervised release by: (1) failing to comply with substance abuse testing requirements on August 4, 2026, and on October 13, 2026; (2) failing to advise his probation officer of a change in his employment within 10 days of his termination from employment on October 10, 2026; (3) using methamphetamine on October 13, 2026; and (4) failing to answer truthfully questions by his probation officer on October 14, 2026, regarding his use of methamphetamine.

The Court **RECOMMENDS:**

That the District Court revoke Blackman's supervised release and sentence Blackman to 3 months of custody on Count 6, and to 3 months of custody on Count 7, with the terms to run concurrently, and with no term of supervised release to follow on either count. This sentence shall also run concurrently to any custody served as a result of the revocation of his pre-trial release in Cause No. CR-26-44-GF-BMM.

# NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 17th day of November 2026.

John Johnston
United States Magistrate Judge